ORIGINAL #067980

FILED
APR 16 2008
U.S. COURT OF FEDERAL CLAIMS

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| HOWARD L. DUNCAN<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | No. 08-281 C |

## COMPLAINT

1. This action is a military pay case that seeks back pay, allowances, and other relief based upon plaintiff's unlawful non-selection for promotion to the rank of lieutenant colonel in the United States Air Force.

## JURISDICTION

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a). The statute mandating the payment of money is the Military Pay Act, 37 U.S.C. § 204. The final monetary value of the relief requested will ultimately be computed by the Defense Finance and Accounting Service. Plaintiff estimates the monetary value of the relief requested is approximately $35,000.

## PARTIES

3. Plaintiff is a former Major in the United States Air Force who was unlawfully non-selected for promotion to the rank of lieutenant colonel and then, based upon his failure of selection, requested retirement from the United States Air Force.

4. Defendant is the United States.

**FACTS**

5. Plaintiff is a caucasian male who served on continuous active duty in the United States Air Force from November 6, 1981, until August 31, 2001.

6. At the time of his separation, plaintiff held the rank of major.

7. Although plaintiff requested retirement from the Air Force based upon sufficient service, he submitted his retirement because he was not selected for promotion to lieutenant colonel.

8. Plaintiff failed selection for promotion to the rank of lieutenant colonel by the CY97C Lt Col (Line) Selection Board.

9. The Secretary of the Air Force issued a Memorandum of Instruction (MOI) to the board members of the CY97C LtCol (Line) Selection Board that contained the following equal opportunity (EO) language:

> Your evaluation of minority and women officers must clearly afford them fair and equitable consideration. Equal opportunity for all officers is an essential element of our selection system. In your evaluation of the records of minority and women officers, you should be particularly sensitive to the possibility that past individual and societal attitudes, and in some instances utilization policies or practices, may have placed these officers at a disadvantage from a total career perspective. The board shall prepare for review by the Secretary and Chief of Staff, a report of minority and women officer selections as compared to the selection rates for all officers considered by the board.

10. In *Berkley v. United States*, 287 F.3d 1076 (Fed. Cir. 2002), officers of the United States Air Force, terminated pursuant to a 1993 Reduction in Force ("RIF"), complained that the MOI governing their selection for involuntary termination required different treatment of officers based on race or gender, thereby violating the equal protection guarantee of the Fifth Amendment to the United States Constitution.

11. The EO language at issue in *Berkley* is identical to the language quoted in ¶ 9 and relied upon by the CY97C Lt Col (Line) Selection Board who considered plaintiff's promotion to rank of lieutenant colonel.

12. In *Berkley*, The United States Court of Appeals for the Federal Circuit found that the challenged EO language included a racial and gender based classification that is subject to a strict scrutiny analysis in order to be constitutionally permissible.

13. 28 U.S.C. § 2501 requires filing a claim in this Court "within six years after such claim first accrues."

14. The United States Court of Appeals for the Federal Circuit issued its decision in *Berkley* on April 17, 2002.

15. Plaintiff's claim was filed within six years after the decision in *Berkley* was issued and is, therefore, timely filed in this Court.

16. Plaintiff submitted an application to the Air Force Board for the Correction of Military Records (AFBCMR) to correct his military records on October 12, 2007.

17. The AFBCMR application asserted that plaintiff, as a white male, was the victim of racial and gender discrimination commonly known as reverse discrimination. Plaintiff contended that the procedures used by the promotion board that considered him for selection to lieutenant colonel were unconstitutional, and that these procedures prohibited the promotion board from fairly considering him for promotion to lieutenant colonel. Plaintiff requested that he be provided a special selection board (SSB) for promotion to lieutenant colonel by the CY97C LtCol (Line) Selection Board and that the challenged EO language not be utilized by the newly convened SSB. Plaintiff also requested that the SSB use the procedures approved by the

Secretary of the Air Force in his Memorandum dated February 19, 2004, when considering officers for promotion due to racial/gender discrimination.

18. Plaintiff's application is still pending before the AFBCMR and awaiting a final decision.

19. Plaintiff does not object to a stay of proceedings in this Court until the AFBCMR has issued its decision on his application.

**COUNT ONE**

20. The allegations contained in paragraphs 1 through 19 are incorporated herein by reference.

21. Plaintiff has a right to equal protection of the laws under the Due Process Clause of the Fifth Amendment to the United States Constitution.

22. The EO language contained in instructions issued to the CY97C LtCol (Line) Selection Board created racial and gender classifications that required different treatment of officers based on their race or gender while being considered for promotion in the United States Air Force.

23. Defendant has no legitimate interest in either creating or maintaining racial and gender classifications when considering the promotion of Air Force Officers.

24. The racial and gender classifications utilized by the CY97C LtCol (Line) Selection Board violate the equal protection guarantee of the Fifth Amendment to the United States Constitution.

25. Because plaintiff was unlawfully denied promotion to the rank of lieutenant colonel he is entitled to have his failure of selection removed from his military record and provided an SSB that fairly considers his promotion to lieutenant colonel.

**REQUEST FOR RELIEF**

26. WHEREFORE, plaintiff prays that this Court:

a) Correct plaintiff's military record by removing his unlawful failure of selection for promotion to lieutenant colonel and provide him a SSB that insures that he is fairly considered for promotion to lieutenant colonel by the CY97C LtCol (Line) Selection Board;

b) Order that plaintiff be awarded back pay, allowances, and all other benefits to which he will be entitled if selected for promotion by an SSB, the exact sum of such back pay, allowances, and other benefits to be calculated by the Defense Finance and Accounting System.

c) Award plaintiff attorney fees and costs expended in pursuit of this claim; and

c) Provide any other appropriate relief deemed just and proper by this Court.

Respectfully submitted,

R Bednar

Richard A. Bednar
Law Office of Richard A. Bednar
12107 Park Shore Ct.
Woodbridge, VA 22192-2217
703-490-0000
703-991-0454 (fax)
Email: Rbednar@ArmedForcesLaw.com

April 16, 2008