IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOWARD L. DUNCAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08-281C |
| | ) | (Judge Williams) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S MOTION TO DISMISS

Pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court dismiss plaintiff's complaint for failure to comply with the statute of limitations.

STATEMENT OF FACTS

1. On August 31, 2001, Mr. Duncan retired from the United States Air Force ("the Air Force") at grade of Major. Comp. 5-7.[1]

2. Mr. Duncan asserts that the retirement was one that he requested, "based upon sufficient service,"[2] though it was informed by his failure to be promoted to the grade of Lieutenant Colonel by a calendar year 1997 promotion board. Comp. 8. Mr. Duncan asserts that his promotion board acted upon an unlawful instruction. Comp. 8-11.

---

[1]"Comp.__" refers to a paragraph of Mr. Duncan's complaint in this Court.

[2] We believe that by, "sufficient service," Mr. Duncan is referring to sufficient service to obtain retirement benefits, pursuant to 10 U.S.C. § 8911, the typical 20-year minimum service requirement for military retirement. Although the dates recited in Mr. Duncan's complaint indicate 19 years and ten months of active duty service, we believe that the two-month discrepancy likely reflects a period of time utilized for "terminal leave." In any event, if, as we suspect, Mr. Duncan actually entered retired status on November 6, 2001, instead of the August 31, 2001 date noted in his complaint, the difference will have no effect upon any of the arguments made herein.

3. Mr. Duncan filed his complaint in this Court on April 16, 2008, more than six years and six months after his retirement from the Air Force.

ARGUMENT

Quite simply, Mr. Duncan has failed to comply with the Court's six-year statute of limitations. Suits brought under the Tucker Act (as Mr. Duncan's is, see Comp. 2) are subject to a six-year statute of limitations. 28 U.S.C. § 2501; Martinez v. United States, 333 F.3d 1295, 1302 (Fed. Cir. 2003) (en banc). An individual's claim accrues, starting the statute of limitations clock, when, "all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue [in the Court of Federal Claims] for money." Martinez, 333 F.3d at 1303 (citations omitted).

It is black-letter law that, in a military pay case, the claim accrues, at the latest, at the time of separation from the military and change in entitlement to pay. Martinez, 333 F.3d at 1301-03, reaffirming Hurick v. Lehman, 782 F.2d 984, 986 (Fed. Cir. 1986). Thus, at the time of Mr. Duncan's separation in 2001, the Government's liability was fixed and he was entitled to demand payment from this Court. See id. Accordingly, the statute of limitations for Mr. Duncan's claims expired, at the latest, on November 7, 2007 – more than six months before he filed suit in this Court.

Mr. Duncan argues in his complaint that the statute of limitations in his case, should run from the time that the United States Court of Appeals for the Federal Circuit ("the Federal Circuit") issued its ruling in Berkley v. United States, 287 F.3d 1076 (Fed. Cir. 2002). See Comp. 16. This allegation is not supported by the law. The alleged legal infirmity of the instructions given to military promotion boards was based upon their supposed violation of the

equal protection guarantee of the Fifth Amendment to the Constitution, see Berkley, 287 F.3d at 1083, which is no new law. Although Berkley certainly has the potential to make Mr. Duncan's pursuit of his case easier, that is irrelevant to statute of limitations analysis. See Welcker v. United States, 752 F.2d 1577, 1583 (Fed. Cir. 1985) ("the statute of limitations is not tolled by litigative timidity"). Indeed, demonstrating in no uncertain terms that a cause of action was perfected for Mr. Duncan at the time of his separation from the Air Force, the plaintiffs in Berkley had no compunction about filing their lawsuit before this Court in 1998, just as the plaintiff in Ricks v. United States, No. 00-427 (Fed. Cl.) alleged an unlawful promotion board to this Court in 2000. See Ricks v. United States, 65 Fed. Cl. 826 (2005). There was even case law in the United States District Court, prior to Mr. Duncan's separation from the Air Force, demonstrating that challenges to similar Army instructions created a cause of action that could survive a motion to dismiss. See Saunders v. Caldera, 193 F.Supp.2d 1 (Dist. D.C. 2001) (issued on March 19, 2001). Thus, there is no basis for, whatsoever, for Mr. Duncan to link the accrual of his claim to the Federal Circuit's issuance of the Berkley opinion; Mr. Duncan's claim accrued upon his separation from the active duty Air Force.

In this Court, the statute of limitations is a jurisdictional barrier. John R. Sand & Gravel Co. v. United States, __U.S.__, 128 S.Ct. 750, 753-54 (2008); Soriano v. United States, 352 U.S. 270 (1957). This bar applies to all civil actions whether legal, equitable, or mixed. Kendall v. Army Board for Correction of Military Records, 996 F.2d 362 (D.C. Cir. 1993), citing Spannaus v. United States Department of Justice, 824 F.2d 52, 55 (D.C. Cir. 1987); Calhoun v. Lehman, 725 F.2d 115, 116-17 (D.C. Cir. 1983). Accordingly, this Court is barred by the statute of limitations from entertaining Mr. Duncan's complaint.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court grant the Government's motion to dismiss Mr. Duncan's complaint for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Bryant G. Snee
BRYANT G. SNEE
Deputy Director

s/J. Reid Prouty
J. REID PROUTY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305–7586
Fax: (202) 514-7969

Attorneys for Defendant

July 7, 2008